IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joel G. Johnson, | ) | Case No. 6:24-cv-03707-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rotech Healthcare, Inc. | ) | |
| d/b/a Home Medical Systems | ) | |
| d/b/a American Health Services, | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jane Doe and John Doe Corporation, | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motions to remand, to dismiss third-party complaint, and to strike third-party complaint. ECF Nos.16, 27, 32. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 25, 2024, the Magistrate Judge issued a Report ("the First Report") recommending that the motion to remand be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. No party has filed objections to the First Report and the time to do so has lapsed. On October 24, 2024, the Magistrate Judge issued a Report ("the Second Report") recommending

that the motion to dismiss and the motion to strike be denied.  ECF No. 35.  Plaintiff filed objections, and Defendant filed a reply.  ECF Nos. 40, 41, 42.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

### *The First Report*

As noted above, the First Report recommended denying Plaintiff's motion to remand.  No party objected to the Report.  Therefore, upon review for clear error, the

Court adopts the recommendation of the Magistrate Judge. The motion to remand is denied.[1]

***The Second Report*** [2]

In the Second Report, the Magistrate Judge recommends denying Plaintiff's motions to dismiss and to strike. In his first set of objections, Plaintiff clarifies that he intended to abandon his motion to dismiss and proceed on his motion to strike. ECF No. 40 at 2. He specifically states that "any pleading filed or attempted filing regarding a motion to dismiss by plaintiff is hereby withdrawn and is now moot." *Id.* He continues that the Report requires the Court or a jury to make an unmakeable medical determination regarding which incident with his wheelchair caused the complained-of injury. *Id.* at 3. He states that portions of the third-party complaint contradict his complaint. He contends that Defendant's version of events is untrue. Therefore, he asserts, Defendant cannot demonstrate an injury in fact; thus, it lacks standing to bring the third-party complaint. Finally, Plaintiff takes issue with the fact that the third-party complaint was filed against John and Jane Doe defendants.

In his supplemental objections, Plaintiff contends that the Magistrate Judge "does not properly depict Plaintiff's Motion to Strike." ECF No. 41 at 2. He elaborates that the

---

[1] On August 19, 2024, Plaintiff filed a letter clarifying his address and addressing an order of the Magistrate Judge from July and various other minor matters. Even liberally construed, the Court finds that this letter should not be considered as objections to the Report.

[2] The Court's review of the Second Report, the record, and the applicable law is de novo.

Magistrate Judge states that Plaintiff fell out of his chair but really the chair flipped backwards. He contends that the Magistrate Judge's choice of words was meant to minimize the events he alleges in the complaint and seems to believe that his claim is not being taken seriously. Plaintiff then states that he is arguing that Defendant does not have standing. Finally, Plaintiff asserts that the Magistrate Judge applied the wrong standard of review in evaluating his motion to strike.

As an initial matter, as to any objection that the Magistrate Judge misunderstood the facts of this case or attempted to minimize Plaintiff's claims or injuries, the Court is of the firm opinion that the Magistrate Judge's choice of words was not intended to minimize any aspect of this case. On the contrary, the Court finds that the Magistrate Judge has sufficiently summarized the relevant facts in this action.

While Plaintiff states that he intends to abandon the motion to dismiss and proceed on the motion to strike, out of an abundance of caution for a pro se party, the Court will analyze both motions as the Magistrate Judge did. Accordingly, the Court first turns to the motion to dismiss.

In the third-party complaint, Defendant asserts claims against John Doe Corporation and Jane Doe asserting that they were negligent, grossly negligent, wanton, reckless, and/or willful, and that Defendant has been damaged by the exposure to a potential judgment and the costs of defending this lawsuit. Defendant alleges that John Doe Corporation and Jane Doe were the sole cause of Plaintiff's injuries. As explained in more detail by the Magistrate Judge, third-party practice is governed by Federal Rule

of Civil Procedure 14. Courts consider two elements in deciding whether a third-party claim is permissible:

> First, the non-party must be potentially liable to the third-party plaintiff. Second, the non-party's liability must relate to the plaintiff's claim against the defendant/third-party plaintiff such that the third-party defendant's liability arises only if the defendant/third-party plaintiff is first held liable to plaintiff.

*Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 3:10-CV-1597-CMC, 2011 WL 1048964, at *3 (D.S.C. Mar. 21, 2011). "Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part (one-half, if a joint tortfeasor) of anything I must pay plaintiff.'" *M.I. Windows & Doors, Inc.*, 2012 WL 1015798, at *2 (quoting *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)). Here, John Doe Corporation and Jane Doe are potentially liable to Defendant and such liability can only arise if Defendant is found liable to Plaintiff. Allowing the third-party claims promotes judicial economy by removing the need for separate actions to resolve this issue. Accordingly, Defendant has satisfied the requirements of Rule 14 in bringing its third-party complaint.

As to standing, Defendant alleges that it has suffered the actual injury of having to pay costs to defend against this lawsuit, allegedly due to Jane Doe's and John Doe Corporation's negligence and gross negligence. Such is sufficient to state an injury for purposes of standing. *Cf. Glover v. Univ. Vill. at Salisbury, LLC,* No. CIV. JKB-14-1801, 2015 WL 854834, at *8 (D. Md. Feb. 25, 2015). Moreover, Defendant's third-party

5

complaint sufficiently states a claim for negligence and gross negligence at this procedural posture. Therefore, the motion to dismiss is denied.

As to the motion to strike, Plaintiff has failed to show that the third-party complaint contains any "redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Nor are Defendant's allegations outside the issues in this case, prejudicial to Plaintiff, or otherwise inappropriate. Accordingly, the motion to strike is denied.

Therefore, upon review the Court adopts the reports and recommendations of the Magistrate Judge. The motion to remand [16] is **DENIED**, the motion to dismiss [27] is **DENIED**, and the motion to strike [32] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 7, 2025
Spartanburg, South Carolina