IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joel Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Rotech Healthcare Inc. d/b/a, Home Medical Systems d/b/a, American Health Services,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>Yvonne Hicks, Angels Touch Home Health Care, LLC,<br><br>Third-Party Defendants. | ) | C/A No. 6:24-cv-03707-DCC-KFM<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald. ECF No. 164. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge for pre-trial proceedings. On August 3, 2026, the Magistrate Judge issued a Report recommending that the Court strike Third-Party Defendants' answer and pending motion for summary judgment and enter default against them. ECF No. 164 at 4; ECF Nos. 126, 148. The Magistrate Judge further recommended that, if the Court adopts the initial recommendation, the Court should find Rotech Healthcare Inc.'s motion to seal moot. ECF No. 164 at 4; ECF No. 151. The Magistrate Judge advised Plaintiff of

the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. No objections to the Report were filed.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because no objections to the Report were filed, the Court reviews the Report for clear error.

The Court agrees with and finds no clear error in the Magistrate Judge's recommendation to strike Third-Party Defendants' answer and motion for summary judgment and enter default against them. The Magistrate Judge issued an order on June

5, 2026, directing both Third-Party Defendants to complete and submit special interrogatories within 21 days. ECF No. 160 at 2. After no response, the Magistrate Judge issued a second order on July 7, 2026, providing the same directive and giving Third-Party Defendants 10 additional days to comply. ECF No. 162 at 1–2. Both orders explicitly warned Third-Party Defendants that failure to comply with the Magistrate Judge's directive "may result in severe sanctions, including the waiver and forfeiture to present or challenge evidence, the entry of default, and the entry of a default judgment" and/or "in the answer and motion for summary judgment filed on [their] behalf being stricken from the record and default entered against [them] without further warning of the court." ECF Nos. 160 at 2, 162 at 2–3. To date, Third-Party Defendants have not complied with the orders.

The Court notes that the Magistrate Judge's orders and the Report were returned as undeliverable as to Yvonne Hicks ("Hicks"). ECF Nos. 166, 168. However, the same mailings to Angels Touch Home Health Care, LLC ("Angels Touch"), have not been returned. According to the amended third-party complaint, and as admitted by Third-Party Defendants in their answer, Hicks is or was an employee or independent contractor for Angels Touch. ECF Nos. 82, 126. Hicks has been aware of her status as a Third-Party Defendant in this case, as she previously had counsel. In former counsel's motion to withdraw, which was granted by this Court, counsel noted extreme communication difficulties and a lack of response from either Third-Party Defendant to both emails and U.S. mail. ECF Nos. 145, 154. Without a proper mailing address for Hicks, the Court has no way of contacting her.

Based on Third-Party Defendants' failure to comply with the Magistrate Judge's orders, the adequate and clear warnings given by the Magistrate Judge, and the lack of objections to the Report from either party, the Court finds striking Third-Party Defendants' answer and motion for summary judgment and entering default against them to be appropriate sanctions. *See* Rule Fed. R. Civ. P. 16(f)(1)(C) (allowing sanctions against parties that fail to obey "a scheduling or other pretrial order"); *RDLG, LLC v. Leonard*, 649 F. App'x 343, 346 n.6 (4th Cir. 2016) (unpublished per curiam) ("[Federal Rule of Civil Procedure] Rule 37(b)(2)(A)(iii) authorizes the court to 'strik[e] pleadings in whole or in part,' and Rule 37(b)(2)(A)(vi) authorizes 'rendering a default judgment against the disobedient party.'") (citing *Rabb v. Amatex Corp.*, 769 F.2d 996, 999–1000 (4th Cir.1985))); *RDLG, LLC*, 649 F. App'x at 348 ("In this circuit, we 'requir[e] explicit and clear notice to' parties 'when their failure to meet the . . . conditions [of a court order] will' preclude their right to adjudication on the merits." (alterations in original) (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 n.2 (4th Cir.1993))).

## **CONCLUSION**

After considering the record in this case, the applicable law, and the Report, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, Third-Party Defendants' answer [126] and motion for summary judgment [148] are **STRICKEN** and default shall be entered against Third-Party Defendants. In addition, Rotech Healthcare Inc.'s motion to seal [151] is **FOUND AS MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 22, 2026
Spartanburg, South Carolina